LOWELL v SUPERIOR THIRD REALTY CO. et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9090. Decided Dec 24, 1928

J Albert Lowell, Cleveland, for Lowell.
Calfee, Fogg & White, Cleveland, for Realty Co.

HOUCK, J.

It seems to be the well settled law in this as well as other jurisdictions that although a trust deed may provide as to how and when suit may be brought by one claiming thereunder either in law or in equity, and as to certain conditions named in the mortgage, yet in a proper case equity may and should intervene notwithstanding such provision or provisions.

In the case at bar the amended petition alleges conspiracy between unsecured creditors, the officers and directors of the company and the trustee, and it is stated that by virtue of the said conspiracy, all those bondholders that pooled their bonds would secure a preference. It is further stated in the amended petition that the officers and stockholders of the companies themselves, were securing benefits to themselves by the diversion of funds.

We cite the parties and their counsel to the following authorities which bear out as we think, the comments herein made as to the force and effect of a general demurrer. **Bush v Kritchfield, 5 O. S., 109; Dawson v. Dawson, 25 O. S., 443; Peterson v. Roach, 32 O. S., 374.**

We are of the unanimous opinion that the trial judge committed prejudicial error in the premises, and it is the judgment of this court that the judgment entered in the instant case in the common pleas court be reversed and this cause be remanded to the common pleas court with instruction to overrule the demurrer to the amended petition of plaintiff.

Shields and Lemert, JJ, concur.